

**IN THE
TENTH COURT OF APPEALS**

**No. 10-23-00261-CV**

**IN THE INTEREST OF R.C., A CHILD**

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 22-000363-CV-272**

## MEMORANDUM  OPINION

The mother of R.C. appeals from a judgment that terminated her rights to her child, R.C.  In her sole issue, Mother complains that the evidence was legally and factually insufficient for the trial court to have found that termination of her parental rights was in the best interest of the child.  Because we find that the evidence was sufficient, we affirm the judgment of the trial court.

Shortly after R.C.'s birth, Mother and R.C.'s father[1] entered into a safety plan with the Department of Family and Protective Services due to Mother's admitted marijuana

---

[1] The parental rights of R.C.'s father were also terminated, but he did not appeal the judgment.

use while she was pregnant with R.C. In February of 2022, when R.C. was approximately three months old, Mother and Father violated the safety plan which resulted in R.C.'s removal and the commencement of this proceeding. In February of 2022, Mother tested positive for methamphetamine, amphetamine, and marijuana in both a urine and hair test.

In the early months of this proceeding, Mother participated in services with the department which included drug testing. In August of 2022, a hair test of Mother came back positive for methamphetamine and marijuana. Two urine tests taken a week apart in September of 2022 were negative for drugs.

In July of 2022, Mother began virtual visitation with R.C. In October of 2022, Mother was given unsupervised contact with R.C. At that time, Mother was pregnant with twins. She gave birth in late October of 2022; however, one of the twins did not survive.[2] The other twin was removed and placed into foster care at that time.[3] A hair test in early November of 2022 was positive for marijuana. Mother largely stopped participating in services, including visitation with R.C. Mother did not resume visits with R.C. until July of 2023 and only had two visits prior to the final trial.

During the proceedings, Mother was referred to three counselors, and was discharged from all three due to lack of attendance. Mother only took six of 15 requested

---

[2] The record does not reflect why the twin died.
[3] The surviving twin is part of a separate proceeding.

drug tests. Mother did not provide the department with her address after November of 2022.

During the pendency of the proceedings, the caseworker and Mother's attorney jointly kept in some contact with Mother in an effort to attempt to increase Mother's motivation and participation. The foster parent where R.C. was placed was allowed to maintain contact with Mother and regularly sent pictures to attempt to help Mother keep contact and become more motivated to complete her service plan. The trial court granted a six-month extension of the case to allow Mother more time to complete her service plan. The department had held off placing R.C. in an adoptive placement with R.C.'s sibling in the hope that R.C. would be returned to Mother but would look for an adoptive placement for both children to be placed together.

STANDARD OF REVIEW

The standards of review for legal and factual sufficiency in cases involving the termination of parental rights are well established and will not be repeated here. *See In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency); *see also In re J.O.A.*, 283 S.W.3d 336, 344-45 Tex. 2009).

In determining the best interest of a child, a number of factors have been consistently considered which were set out in the Texas Supreme Court's opinion, *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply lists factors that have been or could be pertinent in the best interest determination. *Id*. There

is no requirement that all of these factors must be proved as a condition precedent to parental termination, and the absence of evidence about some factors does not preclude a factfinder from reasonably forming a strong conviction that termination is in the children's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Evidence relating to the predicate grounds under section 161.001(b)(1) also may be relevant to determining the best interest of the children. *See C.H.*, 89 S.W.3d at 27-28.

An admission of or test result indicating the use of illegal drugs by an expectant mother during her pregnancy is a fact from which a factfinder could reasonably find that she poses a danger to the emotional and physical wellbeing of her child now and in the future. *See In re A.C.*, 394 S.W.3d 633, 642 (Tex. App.—Houston [1st Dist.] 2012, no pet.). In this proceeding, Mother admitted to the use of marijuana during her pregnancy with R.C. Then, Mother tested positive for not only marijuana, but also methamphetamine and amphetamine during the time her parental rights to R.C. were in jeopardy and while she was pregnant with twins.

Mother also failed to complete recommended services from her drug assessment, even after being referred to three counselors. Because Mother's admission of drug use during pregnancy and subsequent positive drug test several months later precipitated R.C.'s removal in the first place, it was reasonable for the trial court to infer that Mother lacked the motivation necessary to seek out programs available to assist her in promoting R.C.'s wellbeing. *See In re A.B.*, No. 07-19-00180-CV, 2019 Tex. App. LEXIS 9110, 2019 WL

5199299, at *6 (Tex. App.—Amarillo Oct. 15, 2019, no pet.) (mem. op.) (parent's failure to complete services directly related to reason for child's removal, including substance-abuse assessment, supported finding that termination was in child's best interest because it gave rise to inference that parent did not have ability to motivate himself to seek out resources available to promote child's wellbeing).

Further, a parent's failure to regularly visit her child after removal may support a finding that termination of the parent's rights is in the child's best interest. *See In re T.R.H.*, No. 01-16-00450-CV, 2016 Tex. App. LEXIS 12475, 2016 WL 6873061, at *8 (Tex. App.—Houston [1st Dist.] Nov. 22, 2016, pet. denied) (mem. op.). This is because the failure to regularly visit one's child signals that the parent-child relationship is not an appropriate one and that the parent is unwilling or unable to meet her child's emotional and physical needs. *See In re R.S.*, No. 01-20-00126-CV, 2020 Tex. App. LEXIS 5839, 2020 WL 4289978, at *9 (Tex. App.—Houston [1st Dist.] July 28, 2020, no pet.) (mem. op).

Finally, Mother chose not to attend the trial because she did not want to be there when her rights were terminated. A parent's failure to attend the final hearing may support a finding that termination is in the child's best interest. *See In re A.J.D.-J.*, No. 01-22-00724-CV, 667 S.W.3d 813, 2023 Tex. App. LEXIS 1964, 2023 WL 2655736, at *8 (Tex. App.—Houston [1st Dist.] Mar. 28, 2023, no pet. h.).

R.C. was less than two years old at the time of the termination trial. She was not in an adoptive or permanent placement because the department had waited to put her in

such a placement in the hopes that Mother would choose to re-engage in her attempts to complete the service plan.

Mother argues that the death of one of the twins was the cause for her dropping out of participation in her services. Certainly, the death of a child is a tragic event, and it is understandable that Mother was grieving. The evidence at trial demonstrates that the department, Mother's counsel, and the foster mother of R.C. made every attempt to assist Mother in re-engaging in participating in Mother's service plan and the trial court gave her the maximum time allowed by law to do so. Ultimately, for whatever reason that we cannot know because Mother chose not to attend the trial, Mother did not. The compelling interest of finding permanency for R.C. is of primary importance. The trial court's finding that termination of Mother's parental rights was in R.C.'s best interest was supported by legally and factually sufficient evidence. We overrule Mother's sole issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed January 18, 2024
[CV06]

